UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.L.M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. 2:20-cv-01685-SHK <br><br> OPINION AND ORDER |

Plaintiff C.L.M.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying her application for disability insurance benefits ("DIB"), under Title II of the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. § 405(g), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

## I. BACKGROUND

Plaintiff filed an application for DIB on February 9, 2017, alleging disability beginning on April 1, 2015. Transcript ("Tr.") 23, 136-42.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on January 4, 2019, ALJ Edward T. Bauer determined that Plaintiff was not disabled. Tr. 22-30. Plaintiff sought review of the ALJ's decision with the Appeals Council; however, review was denied on December 17, 2019. Tr. 1-6. This appeal followed.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing

---

[2] A certified copy of the Administrative Record was filed on August 6, 2020. Electronic Case Filing Number ("ECF No.") 19. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps

one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

> Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB]. See id.

Id. at 1098-99.

### B. Summary Of ALJ's Findings

The ALJ determined that "[Plaintiff] last met the insured status requirements of the . . . Act on June 30, 2018." Tr. 24 (internal citation omitted). The ALJ then found at step one, that "[Plaintiff] did not engage in [SGA] during the period from her alleged onset date of April 1, 2015 through her date last insured of June 30, 2018 (20 CFR 404.1571 et seq.)." Id. (internal citation omitted). At step two, the ALJ found that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments: degenerative disc disease of the lumbar spine; congestive heart failure, status-post defibrillator implantation; diabetes mellitus; and obesity (20 CFR 404.1520(c))." Id. (internal citation omitted). At step three, the ALJ found that "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." Tr. 25.

5

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform "sedentary work as defined in 20 CFR 404.1567(a) except: she can push and/or pull occasionally; and she can occasionally climb, balance, stoop, kneel, crouch, and crawl." Tr. 27. The ALJ then found, at step four, that "[t]hrough the date last insured, [Plaintiff] was capable of performing [PRW] as a telephone solicitor. This work did not require the performance of work-related activities precluded by [Plaintiff's] [RFC] (20 CFR 404.1565)." Tr. 29. The ALJ, therefore, concluded that Plaintiff "was not under a disability, as defined in the . . . Act, at any time from April 1, 2015, the alleged onset date, through June 30, 2018, the date last insured (20 CFR 404.1520(f))." Tr. 30.

**C.     Issue Presented**

In this appeal, Plaintiff raises one issue, whether the ALJ properly considered Plaintiff's testimony. ECF No. 24, Joint Stip. at 4.

**D.     Court's Consideration Of Issue**

      **1.     Parties' Arguments**

Plaintiff argues that "the ALJ impermissibly rejected [her] subjective symptom testimony" for two reasons. Id. (capitalization normalized). First, Plaintiff argues that the ALJ "mischaracterize[d] the record" when he found that her "complaints of fatigue are inconsistent with the medical record" the because the ALJ found that Plaintiff "complained of fatigue only once to her physicians." Id. at 8. In support of her argument that the ALJ erroneously found that she complained of fatigue only once, Plaintiff cites four treatment and examination records where her doctors noted Plaintiff's complaints of fatigue. Id. at 9 (citing Tr. 264, 268, 292, 296).

Second, Plaintiff argues that "the ALJ did not articulate [her] sporadic daily activities as a reason to reject [her] testimony" and "[e]ven if the ALJ had articulated that rationale, nothing in [her] descriptions of her limitations or as summarized by the ALJ demonstrate that she is capable of maintaining substantial

6

1 gainful work activity." Id. at 10 (internal citations omitted). Plaintiff adds that her
2 "sporadic activities as described in her testimony and summarized by the ALJ do
3 not contradict her testimony nor do they demonstrate an ability to spend a
4 substantial part of the day doing activities transferable to a work setting." Id. at 11.

5       Defendant responds that "the ALJ['s] decision should be affirmed because
6 the ALJ properly considered Plaintiff's subjective statements." Id. at 16
7 (capitalization normalized). In support of this argument, Defendant first asserts
8 that "[t]he ALJ correctly found that the medical evidence shows very limited
9 reports of fatigue by Plaintiff to her treating doctors." Id. (citations omitted).
10 Defendant asserts that Plaintiff "emphasizes that there is error because the ALJ
11 incorrectly stated that Plaintiff reported fatigue only one time" and "[w]hile it is
12 true that Plaintiff did report fatigue more than once, the record shows that the
13 Plaintiff's complaints of fatigue were minimal (only 4 times in 3 ½ years of medical
14 treatment), supporting the ALJ's finding of inconsistency between Plaintiff's
15 complaints to the agency and her symptom reports to her own doctors." Id. at 17
16 (citing Tr. 28). Defendant discusses medical records not discussed by the ALJ for
17 the proposition that "the treatment record supports that Plaintiff's sporadic claims
18 of fatigue are not disabling" and adds that "[b]ecause Plaintiff's complaints of
19 fatigue to the agency remain inconsistent with the treatment record, any error here
20 is harmless." Id. (citations omitted).

21       Second, Defendant asserts that "Plaintiff's activities are not consistent with
22 her allegations of severe fatigue" and notes that the ALJ referenced a "three
23 month vacation to Las Vegas" that Plaintiff took in 2018 and that Plaintiff helped
24 care for a sick family member in Virginia. Id. at 19 (citing Tr. 28, 267, 292).

25       Third, Defendant asserts that "the ALJ found that the medical opinion
26 evidence supported his determination" and "Plaintiff has not provided any medical
27 opinions that she is more limited." Id. (citing Tr. 29). Defendant concludes that
28 "[w]hile the ALJ could have been more artful in his decision, the Court can make

reasonable inferences where the ALJ's findings are intertwined with the review of the medical record." Id. (citations omitted).

### 2. ALJ's Consideration Of Plaintiff's Symptom Statements

The ALJ began his analysis of Plaintiff's symptom statements by discussing Plaintiff's "testimony from the hearing and written submission." Tr. 27. The ALJ observed that Plaintiff "testified that she has fatigue and lack of energy from her congestive heart failure." Id. The ALJ added that Plaintiff "stated that she was laid off because her boss said she did not have enough energy[]" and that Plaintiff "reported her heart defibrillator in May 2018 indicated her heart stopped but she does not recall the event as she felt really tired and fell asleep." Id. The ALJ also added that Plaintiff "alleged she cannot sit for long periods of time and can only lift a gallon of milk with her left hand." Id.

The ALJ found that "[a]fter careful consideration of the evidence," Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e] decision." Id.

The ALJ found that "[t]he evidence as a whole indicates [Plaintiff] remains capable of performing a range of sedentary work as described above, despite her impairments. Physical examinations throughout the period, although showing some mild abnormalities, are inconsistent with [Plaintiff's] allegations of disabling functional limitations." Tr. 28. The ALJ noted that "[s]pecifically, while [Plaintiff] has a history of congestive heart failure, the record indicates that in numerous office visits with her treating cardiologist from the alleged onset date to the present, [Plaintiff] reported fatigue only once." Id. (citations omitted).

After discussing some of Plaintiff's medical records, the ALJ noted that "[i]t is worth noting that at [Plaintiff's] annual wellness examination in September 2018,

8

[Plaintiff] reported she was doing well and she recently spent about 3 months in Las Vegas with her nephew and she felt significantly better" and that in December 2017, Plaintiff was reportedly "taking care of her father in Virginia and she reported no cardiac symptoms" at that time. Id. (citation omitted). The ALJ concluded that "[t]he persuasiveness of [Plaintiff's] allegations is weakened by a lack of consistency between her allegations and the medical evidence. [Plaintiff] does experience some limitations, but only to the extent described in the [RFC]." Tr. 30.

### 3. Standard To Review ALJ's Analysis Of Plaintiff's Statements

When a claimant has medically documented impairments that "might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ must give 'specific, clear, and convincing reasons for rejecting' the testimony by identifying '<u>which</u> testimony [the ALJ] found not credible' and explaining '<u>which</u> evidence contradicted that testimony.'" Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017) (emphasis in original) (quoting Brown-Hunter v. Colvin, 806 F.3d 487, 489, 494 (9th Cir. 2015)). "This is not an easy requirement to meet: 'the clear and convincing standard is the most demanding required in Social Security cases.'" Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting Moore v. Comm'r Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)).

"The ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). Also, while an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (finding that "[t]he ALJ provided clear and convincing reasons for rejecting [Plaintiff's] testimony" by

"point[ing] to specific evidence in the record—including reports by [Plaintiff's doctors]—in identifying what testimony was not credible and what evidence undermined [Plaintiff's] complaints.").

### 4. ALJ's Decision Is Not Supported By Substantial Evidence

Here, the ALJ rejected Plaintiff's symptom statements for two reasons—inconsistency with the medical records and Plaintiff's ability to travel twice and care for a sick family member once—neither of which were clear and convincing reasons to reject Plaintiff's symptom statements in this case for the following two reasons.

First, with respect to the ALJ's rejection of Plaintiff's symptom statements due to their inconsistency with the medical records—including the ALJ's finding that Plaintiff "reported fatigue only once" during the relevant time period—the ALJ's finding fails, in part, because it is undisputed that Plaintiff complained to her doctors of fatigue at least four times during the relevant time period. See Tr. 264, 268, 292, 296 (Plaintiff complaining of fatigue to her doctors on four separate occasions); see also ECF No. 24, Joint Stip. at 9 (Plaintiff citing the aforementioned four instances in the record of Plaintiff complaining of fatigue); id. at 17 (Defendant conceding that "it is true that Plaintiff did report fatigue more than once"). In addition to the records of Plaintiff's complaints of fatigue cited by the parties, the Court has found at least one more instance of Plaintiff complaining of fatigue to her doctors in May 2018. See Tr. 420 (Plaintiff reportedly "complain[ed] of weakness and fatigue" and her doctor noted that Plaintiff "appear[ed] weak").

Moreover, to the extent Defendant asserts that the ALJ's erroneous finding that Plaintiff only complained of fatigue once was harmless error, because Plaintiff complained of fatigue only four times over a three-and-a-half-year period indicating that Plaintiff's statements are still inconsistent with the medical record in this case as the ALJ found, this argument fails because: (1) Plaintiff complained of fatigue at

least five times, not four times as Defendant asserts; (2) the Court cannot affirm the ALJ's decision on grounds not raised by the ALJ, see Stout, 454 F.3d at 1054 (the Court cannot affirm the ALJ's decision on grounds not invoked by the Commissioner); and (3) Plaintiff provided a good reason for not seeing her doctors more frequently and complaining to them about her fatigue—she could not afford more treatment, see Tr. 49 (Plaintiff stated at the administrative hearing that "One of the issues that I've had is financially maintaining medicine"); see also Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) ("[d]isability benefits may not be denied because of the claimant's failure to obtain treatment [s]he cannot obtain for lack of funds.") (internal quotation marks omitted). As such, Defendant's post hoc rationale that ignores evidence that Plaintiff complained to her doctors about fatigue more than four times during the relevant time period, as well as evidence that Plaintiff could not afford to seek more treatment, and thus more opportunities to potentially notify her doctors of her fatigue more frequently, is not persuasive. Accordingly, the ALJ's first reason for rejecting Plaintiff's symptom statements was not clear and convincing or supported by substantial evidence in the record.

  Second, with respect to the ALJ's rejection of Plaintiff's symptom statements because of "a lack of consistency between [Plaintiff's] allegations and the medical evidence[,]" including a September 2018 record indicating that Plaintiff "reported she was doing well and she recently spent about 3 months in Las Vegas with her nephew and she felt significantly better" and a December 2017 record where Plaintiff was reportedly "taking care of her father in Virginia and she reported no cardiac symptoms[,]" the ALJ's finding fails because the ALJ selectively relies on only some evidence in the record that supports the ALJ's finding, while ignoring other evidence of detracts from the ALJ's finding and supports Plaintiff's stated limitations. Tr. 28, 30 (citation omitted). See Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others).

11

1        For example, although the record indicates that Plaintiff did go to Virginia to
2 care for her father as the ALJ observed, Plaintiff's doctors indicated that Plaintiff
3 went to help her father because he was dying, that Plaintiff returned home under a
4 lot of stress, and that Plaintiff reportedly was not able to care for herself as well as
5 her father. See Tr. 292 (Plaintiff's doctor noting that Plaintiff was "under a lot of
6 stress since her last visit. [S]he's been in Virginia taking care of her dying father
7 and has not been taking care of herself.  Her fasting blood sugars have been
8 significantly elevated in the mid to high 200s.").

9        Moreover, although Plaintiff did go see her nephew in Las Vegas for three
10 months as the ALJ observed, Plaintiff indicated at the administrative hearing that
11 her heart stopped while she was visiting her nephew and that her defibrillator
12 reportedly "sprung into action" and started Plaintiff's heart, but left Plaintiff
13 feeling "really, really tired" after the incident. Tr. 51-52.  Plaintiff's treatment
14 notes from September 2018 appear to corroborate Plaintiff's testimony that her
15 heart stopped while she was visiting her nephew and that her cardiac pacemaker
16 activated to restart her heart. See Tr. 416 (Plaintiff's treatment records indicating
17 that Plaintiff presented with "complaints of some weakness, [and] a review of the
18 pacer reveals an episode of [anti-tachycardia pacing ('ATP')].").

19        Thus, Plaintiff's medical records indicate that although Plaintiff traveled
20 twice during the relevant time period to see her nephew and father as the ALJ
21 observed, the record also indicates—and the ALJ did not observe—that Plaintiff's
22 trip to care for her dying father left Plaintiff unable to also care for herself and that
23 Plaintiff's heart stopped while she was visiting her nephew, which made Plaintiff
24 very tired.

25       Moreover, even if the evidence did not reveal that Plaintiff's two trips to see
26 family members, one of whom was dying, had not rendered her unable to care for
27 herself or aggravated her cardiac related symptoms, the ALJ cites no activities that
28 Plaintiff performed on her trips that are contradictory of Plaintiff's symptom

statements, and the Court can find none in the record.  See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility" and "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); see also Molina, 674 F.3d at 1112-13, superseded by regulation on other grounds ("a claimant need not vegetate in a dark room in order to be eligible for benefits") (citation and internal quotation marks omitted).

The Ninth Circuit "'has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.'"  Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)).  It is only when a "claimant is able to spend a substantial part of h[er] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, [that] a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain."  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Additionally, evidence in Plaintiff's medical records that the ALJ did not consider or discuss indicates that Plaintiff's limitations were greater than the ALJ acknowledged.  For example, Plaintiff's records indicate that Plaintiff needs help with her activities of daily living ("ADLs"); Plaintiff reportedly "finds it difficult to awake in the morning to do simple tasks such as washing her face and brush her hair"; Plaintiff reportedly "feels sluggish[,] . . . feel[s] tingling numbness in both her hands and feet bilaterally[,] . . . experience[s] significant fatigue, . . . has felt very depressed and does not want to do anything or be around anyone"; Plaintiff told doctors she was afraid of falling and had reportedly had fallen two or more times in one year; and Plaintiff reportedly "feels it difficult to do anything because

of her physical limitations and believes that this is also driving her to feel very down and depressed." Tr. 268, 296.

The ALJ erred by failing to consider this conflicting evidence when rejecting Plaintiff's symptom statements due to their inconsistency with the portions of the record the ALJ focused on. Holohan, 246 F.3d at 1207-08. As such, the ALJ's second reason for rejecting Plaintiff's symptom statements was not clear and convincing and supported by substantial evidence in the record.

Accordingly, because ALJ's reasons for rejecting Plaintiff's symptom statements were not clear and convincing or supported by substantial evidence in the record, the Court finds that the ALJ's decision was not supported by substantial evidence in the record. As such, the Court finds that remand for further proceedings is appropriate here so that the ALJ may reassess Plaintiff's symptom statements and her limitations in light of the above discussed evidence.

## IV.   CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison, 759 F.3d at 1009 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted).

IT IS SO ORDERED.

DATED: 12/10/2020

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge